SHEA-LUTZ REALTY CO., INC., Plaintiff, *v.* HOWARD E. SPERRY and Others, Defendants.

Supreme Court, Monroe County, June 20, 1928.

**Pleadings — answer — defense setting up transactions prior to written contract is not sufficient — defense which is available only to codefendants stricken out under Rules of Civil Practice, rule 103.**

In an action on a written contract, a defense which sets up transactions prior to the execution of the contract is not sufficient to raise an issue.

Under rule 103 of the Rules of Civil Practice, matter will be stricken out as irrelevant where it relates to the defense of a codefendant and does not relate to that of the defendant pleading.

MOTION by plaintiff under rule 103 of the Rules of Civil Practice to strike out parts of answer of defendants Hardiman.

*Sutherland & Dwyer,* for the plaintiff.

*Weldgen, Greene & Newton,* for the defendants.

RODENBECK, J. The prior transaction between the plaintiff and the Hardimans is not a part of their defense and should be stricken out. It antedates the contract in question and has no bearing on it. The " first, separate and further defense " should be stricken out, except paragraphs VI, VII, VIII, IX, X and XI, relating to the defense of fraud, coercion and good faith, which might very well be separately stated. The " second, separate and further defense " should be stricken out as a statement of an agreement not in the contract in question. The latter is presumed to embody all prior negotiations. The " third, separate and further defense " is Sperry's defense and not that of the Hardimans, and should be stricken out of their answer. The " fourth, separate and further defense " should be a part of the defendants' counterclaim, since it bears on the justification for non-fulfillment. The counterclaim, it may be remarked, is one against a codefendant and not against the plaintiff. The answer of the Hardimans seems to be duress, fraud, bad faith, justification for non-fulfillment, and a counterclaim, and these defenses and counterclaim should be clearly stated without extraneous matters. There are certain

defenses and counterclaims available to the defendants Hardiman and these should be stated with distinctness and precision so that the plaintiff may know what they are, and be prepared to meet them. Any ambiguity in the answer should be determined before trial, and should not be deferred until the limited time afforded for their consideration at the trial.

Motion granted as indicated, with ten dollars costs to abide the event, with leave to serve an amended and reformed answer within twenty days from the service of an order in accordance herewith.